NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>  v.<br><br>CARRIE PFLEGER ROBERTSON,<br>individually and as Personal Representative<br>of the Estate of Joseph Robertson,<br><br>    Defendant-Appellant. | No.   20-35870<br><br>D.C. No. 6:17-cv-00054-SEH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted December 8, 2021**
Seattle, Washington

Before:  McKEOWN and BADE, Circuit Judges, and FITZWATER,*** District
Judge.

Carrie Robertson, individually and as personal representative of the estate of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

Joseph Robertson, appeals from a district court judgment in favor of the United States in the amount of $48,532.44 for the cost of removing the Robertsons' trespassing property from United States Forest Service land and restoring the land to its original condition. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

Federal Rule of Civil Procedure 25(a)(1) provides that a district court may substitute a deceased party's representative if (1) "the claim is not extinguished" and (2) a motion is made "within 90 days after service of a statement noting the death." The United States' claim was not extinguished upon Mr. Robertson's death. 28 U.S.C. § 2404. The United States timely substituted his estate after a suggestion of death was filed in the district court. Even if the United States knew or should have known of Mr. Robertson's death at some earlier point, the Rule 25(a)(1) time limit is only triggered for parties by notice served in compliance with Rule 5. *See* Fed. R. Civ. P. 25(a)(3).

The United States can also recover against Ms. Robertson. To the extent she argues the United States did not carry its evidentiary burden at summary judgment, she forfeited this argument by failing to make it to the district court. *See Rothman v. Hosp. Serv. of S. Cal.*, 510 F.2d 956, 960 (9th Cir. 1975). In any event Ms. Robertson is mistaken because the record contains undisputed evidence of her involvement in the trespass. Because the Robertsons were jointly responsible for the trespass, it was permissible to apportion joint and several liability. *See Sloan v.*

2

*Fauque*, 784 P.2d 895, 896–97 (Mont. 1989) (holding "where two or more persons commit tortious acts in concert, all are liable").

The district court did not abuse its discretion by declining to sanction the United States. The "district court is intimately familiar with the course of the litigation and occupies the best position from which to determine whether to award sanctions." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). At best, Ms. Robertson has shown the United States' filings contained a small number of omissions. Any surprise occasioned by these omissions was the foreseeable result of, in Ms. Robertson's own words, her failure to "pursue any discovery at all."

The district court permissibly awarded the United States its restoration costs. State law governs the federal government's recovery for harm caused to Forest Service land. *See United States v. CB & I Constructors, Inc.*, 685 F.3d 827, 833 (9th Cir. 2012). In appropriate cases, Montana law allows plaintiffs to recover the reasonable cost of restoring their real property to its "pre-injury condition." *Lampi v. Speed*, 261 P.3d 1000, 1004–05 (Mont. 2011). Ms. Robertson does not dispute that remediation damages were appropriate, nor does she dispute that the United States actually spent $48,532.44 remedying her trespass. She nonetheless insists—with nothing more than a passing citation to 41 U.S.C. § 3301—that the district court's damages award was unreasonable. To the extent she challenges the district

3

court's legal conclusions, the argument is forfeited. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."). To the extent she challenges the district court's calculation of the United States' costs, we discern no clear error. *See Koirala v. Thai Airways Int'l, Ltd.*, 126 F.3d 1205, 1213 (9th Cir. 1997).

**AFFIRMED.**